UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
JEFFREY Y. YOU,

                Plaintiff,

   -against-

FEI JIANG, JING WU CAI, and BUFFET MAX,

                Defendants.
---------------------------------------------------------------- X

06 CV 106 (ARR) (VVP)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

    Plaintiff Jeffrey Y. You commenced the instant action with the filing of a complaint on January 10, 2006, alleging breach of contract and related claims and invoking the court's diversity jurisdiction. Plaintiff's counsel attempted to contact plaintiff by telephone as well as by letter dated May 22, 2006, to inform plaintiff of the court's intent to dismiss his case for lack of prosecution. By letter dated May 24, 2006, plaintiff's counsel informed the court that plaintiff had not been responding to counsel's attempts to contact him and requesting "that the court give Mr. You until Monday, June 5, 2006 to respond to [counsel's] letter before dismissing the case for lack of prosecution." The court granted counsel's request by endorsed order dated May 26, 2006. To date, there has been no activity in the case.

    The Federal Rules provide, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is

unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)); see also Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) (citing Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42-43 (2d Cir. 1982)). The Second Circuit has cautioned that dismissal is a harsh remedy, appropriate only in extreme situations, Theilmann v. Rutland Hospital, Inc., 455 F.2d 853, 855 (2d Cir.1972) (per curiam), and further directed consideration of several factors, none of which is itself dispositive. Nita v. Connecticut Dept. of Envtl. Protection, 16 F.3d 482, 485 (2d Cir.1994). These factors are: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." LeSane, 239 F.3d at 209 (quoting Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir.1988)).

Consideration of these factors, particularly plaintiff's failure to take any action in this case for more than ten months, roughly six of which followed the court's warning, leads the court to conclude that plaintiff's failure to prosecute warrants dismissal of the action. Nevertheless, because of the harshness of this remedy, the court deems it proper in this case that dismissal be without prejudice.

For these reasons, plaintiff's action is dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: November 22, 2006
Brooklyn, New York

SERVICE LIST:

<u>Plaintiff's Attorney</u>
Mohamed Adel Akbik
Wong, Wong & Associates, P.C.
150 Broadway
Suite 1588
New York, NY 10038

<u>Defendants</u>
Fei Jiang
400 Shattuck Rd.
Saginaw, MI 48604-2371

Jing Wu Cai
2705 S. Rangeline
Joplin, MO 64804

Buffet Max
5212 Bay Road
Saginaw, MI 48604


cc: Magistrate Judge Pohorelsky